**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE DEJOHN, et al.,** ) | CASE NO. 1:12CV1705 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **LERNER, SAMPSON & ROTHFUSS,** ) | |
| **et al.,** ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #18) of Defendants, Bank of America, N.A. ("BANA") and JPMorgan Chase Bank, N.A. ("Chase"), to Dismiss Complaint.  For the following reasons, the Motion is granted in part and denied in part.

**I. FACTUAL BACKGROUND**

On May 5, 2006, Plaintiffs, Denise and Timothy DeJohn, obtained a mortgage loan from Washington Mutual Bank, FA, secured by real property known as 11680 Regent Park Drive, Munson Township, Ohio 44024.  An adjustable rate note, in the amount of $494,000.00, was executed in favor of Washington Mutual by Denise DeJohn only.  On May 10, 2007, Plaintiffs recorded a deed transferring the real estate from themselves to Timothy

DeJohn and Denise DeJohn, as Trustees of the DeJohn Trust. At some point in time, Chase became the successor in interest on Plaintiffs' mortgage, by purchase from the FDIC as Receiver of Washington Mutual Bank; or, acquired certain assets and liabilities of Washington Mutual Bank, including responsibility for servicing its loans. (ECF DKT #18 at 4, fn #4). On July 1, 2009, Denise DeJohn filed a voluntary Chapter 7 bankruptcy petition; and was granted a discharge on December 8, 2009.

On July 1, 2011, following a default in the mortgage payments, Lerner, Sampson & Rothfuss ("LSR"), a law firm, filed a Foreclosure Complaint against the DeJohns, in Geauga County Common Pleas Court, on behalf of its client, BANA. The Complaint sought a decree in foreclosure, not a personal money judgment. BANA's Complaint alleged that BANA was the holder of the DeJohns' note, but that a copy of the note was unavailable. Plaintiffs filed a Motion to Dismiss the Foreclosure Complaint on September 19, 2011. The parties participated in a mediation, which was unsuccessful in resolving the case. Subsequently, Plaintiffs' Motion to Dismiss was granted.

On July 2, 2012, Plaintiffs filed the instant Complaint against LSR, BANA, and Chase. Plaintiffs allege that LSR falsely claimed that its client, BANA, was the owner and holder of the Mortgage Note at the time the Foreclosure Complaint was filed in Geauga County Common Pleas Court. BANA did not have possession of Denise DeJohn's note. Neither a copy of the note nor any assignment was attached to the State Complaint. Prior to the State Court's ruling, on January 24, 2012, Chase allegedly conspired with LSR and BANA to commit fraud by executing an assignment of the mortgage to BANA. According to Plaintiffs, the execution and recording of the assignment were acts in furtherance of the

conspiracy between Defendants LSR, BANA, and Chase; and constituted a ratification of all of Defendants' previous misrepresentations.

Plaintiffs have asserted claims for violation of the Fair Debt Collection Practices Act; violation of the Ohio Consumer Sales Practices Act; Civil Conspiracy to Commit Fraud; and Common Law Fraud. Defendants, BANA and Chase, move for dismissal of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II. LAW AND ANALYSIS

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471, 476 (6th Cir.2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir.1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 679.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**<u>Violations of Fair Debt Collection Practices Act ("FDCPA")</u>**

The FDCPA prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692k permits the consumer to recover statutory or actual damages for violations of the Act; and FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). The Sixth Circuit outlines the elements of an FDCPA claim as follows:

> In order to establish a claim under § 1692e: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions.

*Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir.2012) (citing *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 926 (N.D.Ohio 2009)).

Defendants contend that Plaintiffs' FDCPA claims are barred by the one-year statute of limitations. The Geauga County foreclosure action was initiated on July 1, 2011; and the instant Complaint was filed on July 2, 2012, one year and one day later. However, as Plaintiffs point out, July 1, 2012 was a Sunday. Pursuant to Fed.R.Civ.P. 6(a)(1)(C), when computing a time period, the last day is included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday,

Sunday or legal holiday." Consequently, the statute of limitations in 15 U.S.C. § 1692k(d) does not bar Plaintiffs' FDCPA claims.

Plaintiffs allege that BANA knew it was not the owner and holder of Plaintiffs' note and mortgage; yet filed the Geauga County foreclosure case, making that very statement in Count I of the State Complaint. "Defendants [LSR], BANA, and Chase used false, deceptive and/or misleading statements and [sic] as evidence in prosecuting the DeJohn foreclosure action in violation of 15 U.S.C. § 1692e." (ECF DKT #1 at ¶ 28). In ¶ 30, Plaintiffs allege that Chase created and executed the mortgage assignment after the default in mortgage payments and after the State Complaint was filed; and that BANA, therefore, knew it was not foreclosing on its own debt.

In *Wallace*, 683 F.3d at 327, the Sixth Circuit determined: "District courts have decided, and we agree, that a clearly false representation of the creditor's name may constitute a 'false representation ... to collect or attempt to collect any debt' under Section 1692e." As the *Wallace* panel cautioned, this Court makes no findings on the merits of Plaintiffs' claims under the Act, nor about the Banks' defenses. *Id.* at 328. The Court does hold, nonetheless, that Plaintiffs have set forth sufficient facts to survive a 12(b)(6) motion on their FDCPA claim.

**Violations of the Ohio Consumer Sales Practices Act ("OCSPA")**

In Count Two of their Complaint, Plaintiffs allege: "Defendants [including LSR] made false or misleading representations to the Plaintiffs which were unfair and deceptive practices in violation of R.C. 1345.02(B)(10) because Defendants represented to the Plaintiffs that a legal obligation existed to BANA when that was false." (ECF DKT #1 at ¶ 38). "The

OCSPA does not apply to transactions between financial institutions and their customers." R.C. § 1345.01(A); *Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-cv-952, 2012 WL 5077712, *14 (S.D.Ohio Oct. 18, 2012). BANA and Chase are national banks; and the term "financial institution," defined in R.C. § 5725.01(A)(1), includes "[a] national bank organized and existing as a national bank association pursuant to the 'National Bank Act,' 12 U.S.C. 21." Defendants, BANA and Chase, are exempt financial institutions under the Ohio statute; thus, Plaintiffs' OCSPA claim against BANA and Chase fails as a matter of law.

**Common Law Fraud**

In Count Four of their Complaint, at ¶ 50, Plaintiffs allege:

Defendants BANA and [LSR] knowingly filed a foreclosure complaint, motions and other pleadings in the Geauga County Court of Common Pleas and falsely stated that BANA was the "holder" of the DeJohn note when neither BANA nor [LSR] had a copy of such note and knew they could not verify the accuracy of that allegation when the complaint was filed.

Furthermore, at ¶ 52, Plaintiffs allege: "Defendants Chase, BANA, and [LSR] agreed to the execution of a false assignment of the DeJohn mortgage with the intent to use this false document to foreclose." Plaintiffs claim that Defendants' representations were made falsely or with disregard of truth or falsity; that Plaintiffs justifiably relied upon the representations; and that Plaintiffs were harmed as a direct and proximate result. (ECF DKT #1 at ¶¶ 53-56).

Even accepting these allegations as true, and drawing all inferences in Plaintiffs' favor as required by Fed.R.Civ.P. 12(b)(6), the fraud claim fails. The misrepresentation that BANA was the holder of the note, and, therefore, that BANA had standing to foreclose on the secured property, was directed at the Common Pleas Court of Geauga County.

While it is obvious that courts rely upon statements made by litigants in

>rendering decisions, it is far from obvious how a party to an action could justifiably rely upon and be damaged by formal representations to a court made by an opposing party.

*McCubbins v. BAC Home* Loans *Servicing, L.P.*, No.2:11-cv-547, 2012 WL 140218, *5 (S.D.Ohio Jan.18, 2012).

"A plaintiff may only bring a fraud claim where the defendant made the representations to induce the plaintiff, not a third party, to act upon them." *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, *9 (S.D.Ohio Sept.27, 2011); see also *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. No. 02AP-161, 2002-Ohio-4327, ¶ 21. "The true policy of the law in this state is that no recovery can be had for an indirect injury, at the common law." *Flandermeyer v. Cooper*, 85 Ohio St. 327 (1912).

Plaintiffs make the bare allegations that they "justifiably relied," and that they were "harmed as a direct and proximate result." (ECF DKT #1 at ¶¶ 55 & 56). However, in order to survive a motion to dismiss, a complaint must contain more than a "formulaic recitation" and legal conclusions must be supported by factual allegations. *Twombly*, 550 U.S. at 1964-65; *Iqbal*, 556 U.S. at 679.

Significantly, Plaintiffs allege that Defendants' misrepresentations were "intended to have the effect of ***persuading the Court*** to grant a foreclosure judgment for BANA." (ECF DKT #1 at ¶ 43)(emphasis added). Also, the Complaint alleges that Chase, BANA, and LSR intended to use the "false" assignment of the DeJohn mortgage in order to foreclose. (ECF DKT #1 at ¶ 52). Thus, Plaintiffs' own allegations belie their claim of direct and proximate injury.

Therefore, the Court holds that Plaintiffs have failed to plead a plausible claim for common law fraud.

**Civil Conspiracy to Commit Fraud**

In Count Three of Plaintiffs' Complaint, they allege:

¶ 43.  In a malicious combination, Defendants [LSR], BANA, and Chase entered into a conspiracy whereby they agreed to have [LSR] create an assignment of mortgage that Chase would execute without authority from the original lender in order to make the false representation that Chase took over the DeJohn mortgage and assigned it to BANA which was intended to have the effect of persuading the Court to grant a foreclosure judgment for BANA.

In Ohio, civil conspiracy is defined as " a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."  *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415 (1995).  Furthermore, a claim for civil conspiracy requires an underlying wrongful act.  *Myers v. Hensley*, No. 3:07CV1529, 2010 WL 3522492, *8 (N.D.Ohio Aug.2, 2010); *De Boer Structures (U.S.A.) Inc. v. Shaffer Tent & Awning Co.*, 233 F.Supp.2d 934, 946 (S.D.Ohio 2002).

In light of the Court's determination that Defendants' alleged acts of fraud were directed at Geauga County Common Pleas Court, and not at Plaintiffs, their claim of conspiracy to commit fraud cannot survive.  An alleged agreement by Defendants to create a false assignment to BANA in order to obtain a foreclosure judgment would injure the state court that placed its reliance on the litigants' representations.  Plaintiffs have not made plausible allegations of fraud; so, there is no underlying wrongful act to support the conspiracy.  Count Three of Plaintiffs' Complaint must fail.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #18) of Defendants, Bank of America, N.A.

("BANA") and JPMorgan Chase Bank, N.A. ("Chase"), to Dismiss Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), is granted as to Counts Two, Three, and Four of Plaintiffs' Complaint and denied as to Count One - Fair Debt Collection Practices Act Violations - only.

**IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: December 11, 2012**